In Mason's Case, supra, we find the following quotation also:

"We are of the opinion that the danger to be apprehended must be real and appreciable, with reference to the ordinary operation of law in the ordinary course of things—not a danger of an imaginary and unsubstantial character, having reference to some extraordinary and barely possible contingency, so improbable that no reasonable man would suffer it to influence his conduct."

If the question is raised by the record before us, we think the cases of Jack v. Kansas, 199 U. S. 372, 26 Sup. Ct. 73, 50 L. Ed. 234, 4 Ann. Cas. 689; Hale v Henkel, 201 U. S. 68, 26 Sup. Ct. 370, 50 L. Ed. 652, and Brown v. Walker, 161 U. S. 597, 16 Sup. Ct. 644, 40 L. Ed. 819, settle it adversely to relator's contention, and that "immunity" must be in regard to a prosecution in the same jurisdiction, and, when same can be and is fully given, it is enough. 28 Ruling Case Law, p. 442.

For the reasons above set forth, the relief prayed for must be denied, and relator will be remanded to the custody of the respondent as under the judgment of the district court of Travis county.

Judges all present and concurring.

---

### Ex parte REYNOLDS.   (No. 6933.)

(Court of Criminal Appeals of Texas.   March 29, 1922.   Rehearing Denied April 26, 1922.)

Original ex parte application for writ of habeas corpus by F. G. Reynolds. Relator remanded to custody of sheriff.

Douglas & Carter, of San Antonio, and Lon Curtis, of Belton, and Hart & Patterson and Garrett, Brownlee & Goldsmith, all of Austin, for appellant.

J. B. Robertson, Dist. Atty., of Austin, and R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J.   For the reasons given in No. 6934, Ex parte J. D. Copeland, 240 S. W. 314, this day handed down, which is a case upon exactly the same facts and governed by the same law as the instant case, the relator will be remanded to the custody of the sheriff of Travis county as under the judgment of the district court of said county.